UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Robbie Collins, # 290946, | ) | Case No. 2:20-cv-02652-RMG-MGB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Warden of Broad River | ) | |
| Correctional Institution,[1] | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Robbie Collins, a *pro se* state prisoner, has filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure asking that the Court "vacate [his] case entirely" based on his trial counsel's alleged actions at a certain post-conviction relief proceeding. (Dkt. No. 1.) As explained in greater detail below, the undersigned construes Collins' motion as a petition for habeas corpus under 28 U.S.C. § 2254. Under 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review the petition and submit a recommendation to the District Judge. For the reasons discussed herein, the undersigned has determined the Court lacks jurisdiction over the petition and, therefore, recommends that the petition be summarily dismissed, without prejudice and without requiring the Warden to respond.

**Procedural Background**

The facts presented herein are taken from Collins' previous habeas petitions filed with this Court.

---

[1] As explained in the accompanying Order filed with this Report and Recommendation, the proper respondent in a habeas corpus action brought under § 2254 is generally the state officer who has custody of the petitioner. *See* Rule 2(a), Rules Governing § 2254 Cases; *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). Collins is a state prisoner incarcerated at Broad River Correctional Institution. Accordingly, the Clerk of Court has substituted "Warden of Broad River Correctional Institution" as the proper respondent here.

On August 18, 2005, a Lee County jury convicted Collins of murder and possession of a firearm during a crime of violence. Collins was sentenced to life in prison. (*See Collins v. Padula*, Case No. 2:12-cv-710-CMC-BHH, Dkt. No. 61 at 1–2.) The South Carolina Court of Appeals then dismissed Collins' appeal on February 11, 2008. *State v. Collins*, 2008 WL 9832893 (Ct. App. S.C. Feb. 11, 2008). Remittitur was issued on February 27, 2008. Collins did not seek further review. (Case No. -710, Dkt. No. 61 at 3, Dkt. No. 33-15.)

On February 22, 2008, April 26, 2010, and June 22, 2010, Collins filed three consecutive applications for post-conviction relief ("PCR") in state court. (*See* Case No. -710, Dkt. Nos. 33-5, 35-6, 35-7.) Collins raised numerous issues, including ineffective assistance of counsel, prosecutorial misconduct, and the sufficiency of the indictment. The state court dismissed Collins' first PCR application on December 22, 2009, and dismissed the remaining two applications on January 6, 2012, in a Final Order of Dismissal. (Case No. -710, Dkt. No. 61 at 6, Dkt. No. 36-3.) The Supreme Court of South Carolina dismissed Collins' subsequent appeal on May 3, 2012. (Case No. -710, Dkt. No. 36-9.) Remittitur was issued on May 31, 2012. (Case No. -710, Dkt. No. 36-10.)

On or about March 5, 2012, Collins filed his first federal petition for habeas corpus pursuant to 28 U.S.C. § 2254. (Case No. -710, Dkt. No. 1.) Collins raised numerous grounds of ineffective assistance of counsel. The Court considered the habeas petition on the merits and dismissed the petition with prejudice by Order dated August 23, 2013. *Collins v. Padula*, No. 2:12-cv-710-CMC-BHH, 2013 WL 4510675 (D.S.C. Aug. 23, 2013). On appeal, the Fourth Circuit Court of Appeals dismissed for lack of jurisdiction because the notice of appeal was not timely filed. *Collins v. Padula*, 575 F. App'x 131 (4th Cir. 2014) (per curiam).

Meanwhile, on May 19, 2014, Collins filed a fourth application for PCR relief, which was denied on August 16, 2014, as "untimely" and "successive." (*See Collins v. McFadden*, Case No. 2:18-cv-1490-RMG-MGB, Dkt. No. 8 at 3.) The state court found that Collins "had the opportunity to litigate all issues related to his case at the evidentiary hearing for his first PCR application on October 26, 2009." (*Id.*) Collins appealed the state court's denial of his fourth application, which was ultimately dismissed on August 4, 2015. (*Id.*)

On August 20, 2015, Collins filed a second federal habeas petition pursuant to 28 U.S.C. § 2254. (*See Collins v. McFadden*, Case No. 2:15-cv-3378-RMG-MGB.) Collins again sought to challenge his 2005 conviction, asserting that he was in custody unlawfully due to "extrinsic fraud." More specifically, Collins argued that his trial counsel should have allowed him to testify at the criminal trial, and that his trial counsel committed perjury when questioned at the subsequent PCR hearing. (Case No. -3378, Dkt. No. 1.) On initial review of Collins' second petition, the undersigned explained that, to the extent Collins sought habeas relief due to errors in his PCR proceedings (*e.g.*, his trial counsel's purported perjury), any such errors could not serve as the basis for federal habeas relief. *See Collins v. McFadden*, No. 2:15-cv-03378-RMG-MGB, 2015 WL 9951280, at *2 (D.S.C. Nov. 9, 2015) (noting that "claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief"). The undersigned then recommended that Collins' petition be dismissed as successive, and the Court adopted the undersigned's Report and Recommendation. *Collins v. McFadden*, No. 2:15-cv-03378-RMG, 2016 WL 411009 (D.S.C. Feb. 2, 2016).

On or about June 1, 2018, Collins filed a third federal habeas petition pursuant to 28 U.S.C. § 2254. (*Collins v. Williams*, Case No. 2:18-cv-1490-RMG-MGB.) As before, Collins alleged ineffective assistance of counsel—particularly, trial counsel's advice that Collins not testify at

trial— and challenged the state court's evidentiary ruling regarding the admission of certain letters written by Collins to his co-defendant. (Case No. -1490, Dkt. No. 1.) Based on the undersigned's Report and Recommendation on initial review, the Court dismissed the petition as an unauthorized successive petition. *See Collins v. McFadden*, No. 2:18-cv-1490-RMG, 2016 WL 411009 (D.S.C. Feb. 2, 2016).

## I. THE COURT CONSTRUES COLLINS' PRESENT RULE 60(b) MOTION AS A PETITION FOR HABEAS CORPUS UNDER 28 U.S.C. § 2254.

On July 17, 2020, Collins filed a Rule 60(b) motion (present), seeking to "render petitioner a new trial or vacate the case entirely" based on his trial counsel's strategy during the criminal trial and his alleged perjury at the subsequent PCR hearing. (Dkt. No. 1.) Generally speaking, Rule 60(b) of the Federal Rules of Civil Procedure allows a civil litigant "to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). When a petitioner files a motion characterized under Rule 60, the district court's first inquiry is to determine whether the motion is "functionally equivalent to a successive [habeas] application." *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003).

> This makes sense, because until the district court determines whether the Rule 60(b) motion filed by the habeas petitioner is in actuality a disguised § 2244 motion, it cannot determine whether it has jurisdiction to move forward. Only if the district court determines that the motion does not seek an adjudication on the merits of a constitutional claim, or challenge "the federal court's previous resolution of a claim on the merits," may the district court proceed to exercise its discretion under Rule 60(b)(6) to decide whether the motion satisfies Rule 60(b)'s requirements of timeliness and extraordinary circumstances.

*See Richardson v. Thomas*, 930 F.3d 587, 597 (4th Cir. 2019), *cert. denied*, 140 S. Ct. 2522 (2020) (referencing *Gonzalez*, 545 U.S. at 532).

As noted above, a Rule 60(b) motion generally states a successive habeas claim "if it attacks the federal court's previous resolution of a claim on the merits." *Gonzalez*, 545 U.S. at 532; *see also Rieb v. Stevenson*, No. 1:09-cv-2642-RMG, 2012 WL 12903682, at *1 (D.S.C. Apr. 24, 2012) (finding that "district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application") (internal citations omitted). Here, the undersigned finds that Collin's Rule 60(b) motion is, in substance, a petition for habeas corpus under § 2254.

At the outset, Collins does not seek relief from a specific federal judgment or order, but rather, points more generally to his state PCR proceedings and asks that the Court vacate the "lower court's ruling" based on his trial counsel's alleged actions at the state level. (Dkt. No. 1 at 3.) Such claims do not fall under the purview of Rule 60(b), but rather, speak more to Collins' conviction. *See Smith v. Hooks*, No. 3:18-cv-00013-FDW, 2019 WL 281306, at *2 (W.D.N.C. Jan. 22, 2019) (explaining that "Federal Rule 60 applies only to *federal* judgments; a state court judgment cannot be vacated under federal Rule 60"); *Miller v. Johnson*, No. 7:06-cv-00611, 2010 WL 3783773, at *2 (W.D. Va. Sept. 28, 2010) (finding that prisoner's submissions fell "into that category of motions styled as arising under Rule 60(b) which are actually successive § 2254 *habeas* petitions" where motions asserted that state court rulings must be vacated).

Moreover, this Court already decided the issues presented in Collins' Rule 60(b) motion. As stated above, Collins argued that his trial attorney should have allowed him to testify at trial in both his first, second, and third federal habeas petitions, and the Court dismissed that claim on the merits in 2013. *Collins v. Padula*, No. 2:12-cv-710-CMC-BHH, 2013 WL 4510675 (D.S.C. Aug. 23, 2013). He also argued that his trial attorney allegedly lied during the PCR proceedings in his

second habeas petition (Case No. -3378, Dkt. No. 1), to which the undersigned explained—insofar as Collins sought relief based on errors from his PCR proceedings—such claims were not cognizable on federal habeas review. *See Collins v. McFadden*, No. 2:15-cv-03378-RMG-MGB, 2015 WL 9951280, at *2 (D.S.C. Nov. 9, 2015). Because Collins attempts to relitigate claims presented and decided by this Court in previous habeas actions, the undersigned finds that his Rule 60(b) motion is more appropriately construed as a § 2254 petition. *See United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015) ("[A] Rule 60(b) motion in a habeas proceeding that attacks 'the substance of the federal court's resolution of a claim on the merits' is not a true Rule 60(b) motion, but rather a successive habeas petition.").

## II.     COLLINS' § 2254 PETITION IS SUBJECT TO SUMMARY DISMISSAL.

### Legal Standard

This is a preliminary review of Collins' § 2254 petition. *See* Rule 4, Rules Governing § 2254 Cases. The narrow question before the Court is whether it "plainly appears" Collins is not entitled to any relief. Rule 4, Rules Governing § 2254 Cases. If so, the petition must be dismissed; if not, the warden must respond. *Id.* Because Collins is *pro se*, the undersigned has reviewed the petition liberally and considered whether it includes any potential grounds for relief. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### Argument

The 2013 dismissal of Collins' first § 2254 case triggered gatekeeping restrictions found in 28 U.S.C. § 2244(b).[2] As explained in the subsequent habeas actions, before Collins may file a

---

[2]     The restrictions come into play if the first petition was adjudicated on the merits. *Harvey v. Horan*, 278 F.3d 370, 379 (4th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 485–89 (2000)), *abrogated on other grounds by Skinner v. Switzer*, 562 U.S. 521 (2011)).

"second or successive" § 2254 petition challenging his 2005 convictions, he must first ask for, and then receive, an order from the Fourth Circuit Court of Appeals authorizing him to file such a petition and allowing this Court to consider it. § 2244(b)(3)(A). Collins has not shown the Court that the Fourth Circuit has issued such an order. To be thorough, the undersigned has searched the Fourth Circuit's online case management system to check if Collins has filed any recent § 2244 applications. The undersigned did not find any. Thus, it appears Collins has neither received nor asked for permission to file the § 2254 petition at issue here.

Subsection 2244(b)'s filing-authorization requirement is jurisdictional. *Winestock*, 340 F.3d at 205. Without that authorization, this Court simply cannot hear Collins' current § 2254 petition. *See id.* The undersigned therefore recommends dismissing the petition for lack of jurisdiction.

If the petition is dismissed for lack of jurisdiction, the District Judge will need to decide whether to issue a certificate of appealability. *See* Rule 11(a), Rules Governing § 2254 Cases. A certificate may be issued only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been denied on the merits, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller–El v. Cockrell*, 537 U.S. 322, 338 (2003) (citation and quotation marks omitted). Where a petitioner's constitutional claims are dismissed on procedural grounds, the petitioner must show both (1) that jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right, and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001). As with Collins' previous petitions, the undersigned does not see a basis for issuing a certificate in this case.

**Conclusion**

The undersigned recommends the Court summarily dismiss the petition for lack of jurisdiction, without prejudice and without requiring Respondent to file a return, and decline to issue a certificate of appealability.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

September 15, 2020
Charleston, South Carolina