**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Robbie Collins #290946, | ) | Civil Action No. 2:20-2652-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Warden of Broad River Correctional Institution, | ) ) ) | |
| | ) | |
| Respondent. | ) ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") (Dkt. No. 4) recommending that Petitioner's motion, construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2254, be dismissed without prejudice for lack of jurisdiction. For the reasons set forth below, the Court adopts the R & R as the order of the Court and dismisses the petition without prejudice.

**I.     Background**

In August 2005, Petitioner was found guilty by a South Carolina state court jury of murder and possession of a firearm during a crime of violence. Petitioner was sentenced to life imprisonment for the murder conviction and five years for the firearm possession. Petitioner was also sentenced to ten years imprisonment for a pending probation violation. On appeal, Petitioner argued that the court improperly admitted into evidence letters allegedly written to his co-defendants. In 2008, the appeal was dismissed. Petitioner then filed three applications for post-conviction relief in state court, arguing that he was unlawfully in custody on the basis of an insufficient indictment, ineffective assistance of trial and appellate counsel, and prosecutorial misconduct. Each application was dismissed.

In March 2012, Petitioner filed his first petition for federal habeas corpus pursuant to 28 U.S.C. § 2254, arguing numerous grounds for ineffective assistance of trial and appellate counsel. *Collins v. Padula*, No. 2:12-710-CMC-BHH, Dkt. No. 1. The District Court considered the petition's merits and dismissed with prejudice, finding that Petitioner failed to demonstrate he was prejudiced as a result of counsels' deficient performance and, to the extent Petitioner argued the trial court erred in admitting specific evidence, Petitioner had a full and fair opportunity to litigate the claim in state court. *See* No. 2:12-710-CMC, Dkt. No. 66. Petitioner appealed to the Court of Appeals for the Fourth Circuit, which dismissed for lack of jurisdiction on the basis of an untimely appeal. *Collins v. Padula*, 575 F.Appx 131 (4th Cir. 2014) (Mem).

In August 2015, Petitioner filed his second federal habeas petition on the grounds of "extrinsic fraud." *Collins v. McFadden*, No. 2:15-cv-3378-RMG-MGB, Dkt. No. 1 at 5. This Court considered the petition's merits and dismissed it as an unauthorized successive petition. *See* No. 2:15-cv-3378-RMG (Dkt. No. 22). In June 2018, Petitioner filed his third petition for habeas corpus, again alleging ineffective assistance of counsel and challenges the state court's admission of certain letters into evidence. *Collins v. Williams*, No. 2:18-cv-1490-RMG-MGB. This Court dismissed that petition as an unauthorized successive petition.

Before the Court now is a motion brought under Rule 60(b), seeking to "render petitioner a new trial or vacate the case entirely" based on his trial counsel's strategy during the criminal trial and his alleged perjury during the subsequent post-conviction relief hearing. (Dkt. No. 1.)

II. **Legal Standard**

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §

636(b)(1)(C). Where a petitioner has not objected to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III.     Discussion

The Court finds that the Magistrate Judge ably analyzed the instant motion and correctly determined that it should be dismissed without prejudice. First, this Rule 60(b) motion is correctly construed as a petition for relief under § 2254 because it is "functionally equivalent to a successive [habeas] application." *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003); *see also Richardson v. Thomas*, 930 F.3d 587, 597 (4th Cir. 2019) ("This makes sense, because until the district court determines whether a Rule 60(b) motion filed by the habeas petitioner is in actuality a disguised § 2254 motion, it cannot determine whether it has jurisdiction to move forward."). It is in substance a § 2254 petition because it "attacks the federal court's previous resolution of a claim on the merits." *Gonzales v. Crosby*, 545 U.S. 524, 532 (2005). The district court has already decided the issues presented by this Rule 60(b) motion in 2013 and 2015. *See Collins v. Padula*, No. 2:12-cv-0710-CMC-BHH, 2013 WL 4510675 (D.S.C. Aug. 23, 2013); *Collins v. McFadden*, No. 2:15-cv-3378-RMG-MGB, 2015 WL 9951280 (D.S.C. Nov. 9, 2015).

The narrow question now is whether it "plainly appears" Collins is not entitled to relief under this instant § 2254 petition. Rule 4, Rules Governing § 2254. If he is not plainly entitled to relief, then the petition must be dismissed; otherwise, the Warden must respond. The Magistrate Judge recommends that the petition be dismissed, and this Court agrees. Before Collins may file this successive § 2254 petition challenging his 2005 conviction, he must seek and receive an order of authorization from the Court of Appeals for the Fourth Circuit. § 2244(b)(3)(A). Collins

has not presented any such authorization, nor does a search of the Fourth Circuit's online case management system reflect that Collins made any recent application. This authorization requirement is jurisdictional. *Winestock*, 340 F.3d at 205. Without authorization, this Court lacks jurisdiction to review Collins's instant petition and, therefore, it must be dismissed without prejudice.

### IV.     Certificate of Appealability

The governing law provides:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253; *see also* Rule 1(b) Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. § 2254]."). A petitioner may satisfy this standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). "[T]o secure a certificate of appealability on claims that the district court denied pursuant to procedural grounds, [the petitioner] must demonstrate both (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.2d 676, 684 (4th Cir. 2001) (internal quotation marks omitted).

Here, the legal standard for the issuance of a certificate of appealability has not been met because a reasonable jurist would not find it debatable that this Rule 60(b) motion is properly

-5-

construed as a § 2254 petition and that Collins does not have authorization to file this successive petition. Therefore, a Certificate of Appealability is denied.

## V.    Conclusion

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R & R (Dkt. No. 4) as the order of the Court and **DISMISSES WITHOUT PREJUDICE** Collins's petition (Dkt. No. 1) for lack of jurisdiction. The Respondent is not required to file a return. A Certificate of Appealability is **DENIED**.

    **AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

September 30, 2020
Charleston, South Carolina